[Cite as *State v. Zerkle*, 2022-Ohio-3663.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-6 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-177 and |
| | : | 2021-CR-245 |
| BRIAN KEITH ZERKLE | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of October, 2022.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

AMY E. BAILEY, Atty. Reg. No. 0088397, 130 West Second Street, Suite 2100, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Defendant-appellant Brian Keith Zerkle appeals from his conviction of one count of failure to verify his address, which followed his guilty plea. Specifically, Zerkle objects to the 24-month sentence imposed by the trial court. Because we find no error in sentencing, we affirm.

## I. Facts and Procedural History

**{¶ 2}** In 2014, Zerkle was convicted of one count of gross sexual imposition involving a minor, a felony of the third degree, in violation of R.C. 2907.05(A)(4). Zerkle was sentenced to a prison term of 36 months. As part of his sentence, Zerkle was also subject to sex offender registration and address verification requirements.

**{¶ 3}** In September 2020, Zerkle was charged by complaint with one count of aggravated possession of drugs in violation of R.C. 2925.11(A) in Champaign C.P. No. 2020-CR-177. He waived indictment and entered a guilty plea on a bill of information. The trial court accepted the plea, found Zerkle guilty of the sole charge, and imposed a three-year community control sentence.

**{¶ 4}** On November 26, 2021, Zerkle was indicted in Champaign C.P. No. 2021-CR-245 on one count of failure to verify address in violation of R.C. 2950.06(F) and one count of failure to provide notice of change of address in violation of R.C. 2950.05(F)(1). The charges stemmed from his failure to comply with the address verification requirements imposed in the 2014 case. Zerkle was also charged with one count of escape in violation of R.C. 2921.34(A)(3). Following plea negotiations, Zerkle entered a plea of guilty to the charge of failure to provide notice of change of address. The

remaining counts were dismissed by the State.

{¶ 5} In December 2021, a notice of violation of community control sanctions was filed in Case No. 2020-CR-177. Zerkle admitted the violations. Thereafter, the trial court conducted a combined sentencing hearing for both the 2020 and 2021 cases. In Case No. 2020-CR-177, the trial court revoked Zerkle's community control and sentenced him to a 12-month prison term. In Case No. 2021-CR-245, the court sentenced Zerkle to a 24-month prison term. The trial court ordered the sentences to be served concurrently for a total prison term of 24 months.

{¶ 6} Zerkle appeals.

## II.     Sentence is Not Contrary to Law

{¶ 7} The sole assignment of error asserted by Zerkle states as follows:

THE COURT ABUSED IT'S [SIC] DISCRETION WHEN SENTENCING MR. ZERKLE TO TWENTY-FOUR MONTHS IN PRISON

{¶ 8} Zerkle claims the sentence imposed in Case No. 2021-CR-245 constituted an abuse of discretion because he was homeless at the time he failed to verify his address and because he showed genuine remorse for his actions.[1]

{¶ 9} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard as

---

[1] Although Zerkle appealed in both cases, he does not argue that the revocation of community control sanctions and imposition of a 12-month sentence in Case No. 2020-CR-177 constituted error. Therefore, we need not address that sentence. However, we note that our reasoning regarding the sentence in Case No. 2012-CR-245 is equally applicable to both cases. Thus, we find no error in regard to the 12-month sentence.

urged by Zerkle. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under this statute, an appellate court may increase, reduce, modify, or vacate a sentence if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2d Dist. Montgomery No. 29043, 2021-Ohio-2788, ¶ 13. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 10} Zerkle faced a prison term of 9 to 36 months. R.C. 2929.14(A)(3)(b). The sentence of 24 months was squarely within that statutory range. Further, in imposing sentence, the record reflects that the trial court considered the purposes and principles of felony sentencing in R.C. 2929.11 and balanced the seriousness and recidivism factors in R.C. 2929.12. The court noted that Zerkle had committed the offense of failure to provide notice of change of address while he was on community control for a felony drug offense and while on post-release control for a felony sex offense. The court found this conduct showed a "demonstrated refusal to participate in the community control sanctions imposed upon [Zerkle] and the refusal demonstrates * * * the offender has abandoned the objects of community control supervision." Additionally, at the sentencing hearing, Zerkle admitted his claimed homeless state had not prevented him from working with the authorities to comply with his registration requirements. He further admitted that he had committed the offense of escape, which was ultimately dismissed by the State as part of

the plea agreement. We also note that, at the time Zerkle committed the offense of aggravated possession of drugs, he was in a residence where minor children were present despite this conduct being in violation of a condition of his post-release control in the 2014 case. Zerkle was adjudicated delinquent in 2006 and 2009. According to the PSI generated in the 2020 case, Zerkle had violated the terms of his juvenile probation on two occasions.

{¶ 11} This record supported the trial court's finding that Zerkle had a history of failing to comply with community control and post-release control. The record also demonstrates the trial court complied with its obligation to consider the policies applicable to every felony offense, and that the sentence imposed was authorized by statute. Thus, we conclude the sentence is not contrary to law. Accordingly, the assignment of error is overruled.

### III.   Conclusion

{¶ 12} Zerkle's sole assignment of error being overruled, the judgments of the trial court are affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.

Copies sent to:

Jane A. Napier
Amy E. Bailey

Hon. Nick A. Selvaggio