OPINION
{¶ 1} Defendant-appellant, Calvin C. Barker, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of aggravated assault and sentenced him accordingly. Because the trial court properly allowed appellant's confession to be played to the jury, we affirm that judgment.
 {¶ 2} On May 12, 2000, appellant was indicted on one count of felonious assault in violation of R.C. 2903.11. That charge stemmed from a domestic altercation between appellant and Francis Stirtmire on May 4, 2000. During that altercation, appellant allegedly cut Stirtmire on her head, back and shoulder with a broken bottle. Appellant entered a not guilty plea to the charge and proceeded to a jury trial. The jury found appellant not guilty of the charge of felonious assault but guilty of the lesser included offense of aggravated assault. The trial court sentenced appellant accordingly.
 {¶ 3} Appellant appeals, assigning the following assignment of error:
The Defendant Was Denied A Fair Trial In Vio-lation Of His Right To Due Process Of Law When The Judge Permitted The Prosecution To Play A Video Tape Of The Defendant's Statements To Law Enforcement Although The Prosecution Had Not Proven The Corpus Delicti.
 {¶ 4} At his trial, appellant's videotaped confession was played to the jury during the state's case-in-chief. Appellant contends that his confession was played to the jury before the state established the corpus delicti of the crime. We disagree. The corpus delicti of a crime is essentially the fact of the crime itself. It consists of two elements: (1) the act; and (2) the criminal agency of the act. State v. Van Hook (1988), 39 Ohio St.3d 256, 261; State v. Maranda (1916), 94 Ohio St. 364, paragraph one of the syllabus. The identity of the criminal agent is not part of the corpus delicti. Van Hook, supra, at 262.
 {¶ 5} The corpus delicti of a crime must be established by some evidence other than a defendant's confession before that confession is admissible. Maranda, supra, at paragraph two of the syllabus; State v. Edwards (1976), 49 Ohio St.2d 31, 35. "The quantum or weight of such outside or extraneous evidence is not of itself to be equal to proof beyond a reasonable doubt, nor even enough to make it a prima facie case. It is sufficient if there is some evidence outside of the confession that tends to prove some material element of the crime charged." Maranda, supra, paragraph two of the syllabus; State v. Black (1978), 54 Ohio St.2d 304, syllabus. This requirement is minimal, requiring only "some" proof that a crime has been committed. Maranda, supra; State v. Smith (1996), 115 Ohio App.3d 419, 429. The evidence need not be strong enough that it would prove any element of the crime beyond a reasonable doubt. There just needs to be some evidence, direct or circumstantial, tending to prove the fact that a crime was committed. Maranda, supra; State v. Nobles (1995), 106 Ohio App.3d 246, 262.
 {¶ 6} Appellant's confession was played to the jury after the state presented the testimony of four witnesses. These witnesses were all officers from the Columbus Fire or Police Departments who responded to the domestic altercation on May 4, 2000. They all described the lacerations and cuts on Stirtmire's body, including one large cut on her shoulder, which would require stitches. Pictures of these were displayed to the jury. One witness described Stirtmire's room as being in a state of disarray and that a broken glass bottle was on the floor. Both officers from the Columbus Fire Department testified that Stirtmire said the broken bottle was used to cut her. All of this is some evidence that tends to prove a crime was committed; specifically, that Stirtmire was cut by a broken glass bottle. Therefore, the state established the corpus delicti of the crime before appellant's confession was played to the jury and the trial court did not err in playing the confession to the jury.
 {¶ 7} Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and SADLER, JJ., concur.