[Cite as *State v. Ashe*, 2016-Ohio-136.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26528 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 14-CRB-1530 |
| v. | : | |
| | : | (Criminal Appeal from |
| JORDAN I. ASHE | : |  Dayton Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 15th day of January, 2016.

. . . . . . . . . .

LYNN R. DONALDSON, Atty. Reg. No. 0041507, and STEPHANIE L. COOK, Atty. Reg. No. 0067101, by MATTHEW KORTJOHN, Atty. Reg. No. 0083743, Dayton City Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

DAWN S. GARRETT, Atty. Reg. No. 0055565, Garrett Law Offices, 70 Birch Alley, Suite 240-24005, Beavercreek, Ohio 45440
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Jordan Ashe appeals from his conviction and sentence

for Assault.   He contends that the State should not have been permitted to introduce his

admissions to the police absent proof of the corpus delicti of the offense. He further contends that the trial court permitted the State to present improper and prejudicial evidence at trial. Ashe claims that his conviction is not supported by sufficient evidence, and that the conviction is against the manifest weight of the evidence. Finally, Ashe contends that the trial court erred in sentencing.

{¶ 2} We conclude that the State did satisfy the corpus delicti rule prior to introducing Ashe's statements to the police. We find that, although the trial court did err in permitting the investigating detective to testify about the cause of death of the victim, as stated in the autopsy, this error was harmless. We find no other evidentiary errors. We further conclude that the State presented evidence sufficient to sustain the conviction, and that the jury did not lose its way in convicting Ashe. We find no sentencing error. Accordingly, the judgment of the trial court is Affirmed.

## I. The Altercation

{¶ 3} In late November 2013, William Gunn was found lying on the ground at 157 West Norman Street. Gunn was wearing only underwear and socks. His clothes, which were scattered around him, were covered with frost. Gunn was transported to the hospital, where he was later pronounced dead.

{¶ 4} An investigation revealed that Gunn had attended a party at the home of Ashe's mother. During the party, Gunn became intoxicated and was acting in a disorderly manner. When asked to leave, Gunn refused. Thereafter, Ashe, his brother, and another man escorted Gunn from the home. Once outside, Gunn attempted to fight the men. Ashe's brother hit Gunn, who fell to the ground. Gunn attempted to stand up,

and as he did so, he grabbed the jacket of Ashe's girlfriend in an attempt to steady himself. Ashe then hit Gunn hard enough to render him unconscious. Gunn was then dragged across the street, where he was left.

## II. The Course of Proceedings

{¶ 5} Ashe was charged with one count of Assault, in violation of R.C. 2903.13(A), a first-degree misdemeanor. Ashe moved in limine to prohibit the State from introducing his statements to the police absent proof of the corpus delicti of Assault. At trial, Ashe presented the affirmative defense of defense of another.

{¶ 6} Following trial, Ashe was found guilty. He was sentenced to 180 days in jail. No fine was assessed, but Ashe was ordered to pay court costs. Ashe moved to stay execution of sentence. The trial court imposed a $50,000 appellate bond, which was later amended to $10,000 (cash/surety). Ashe also filed a motion for stay with this court. We entered a decision and entry stating that Ashe could post the $10,000 bond, and then execution would be stayed. Ashe did not pay the bond, and remained in jail. His sentence was served during the pendency of this appeal. Ashe appeals from his conviction and sentence.

## III. The Corpus Delicti Rule Is Satisfied

{¶ 7} Ashe's First Assignment of Error states:

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN OVERRULING DEFENDANT'S CORPUS DELICTI MOTION TO PRECLUDE USE OF DEFENDANT'S ADMISSIONS

WITHOUT FURTHER PROOF OF A CRIMINAL ACT.

{¶ 8} Ashe contends that the trial court erred in admitting his admission that he hit Gunn, made during his interview with the police, because the corpus delicti rule had not been satisfied. In support, he argues that the evidence before the jury, which consisted of testimony that an unconscious, drunk man had abrasions to his face and knees that could be consistent with either a fall or assault, was not sufficient to satisfy the rule.

{¶ 9} "The corpus delicti of a crime is essentially the fact of the crime itself." *State v. Barker*, 10th Dist. Franklin No. 03AP-43, 2003-Ohio-5346, ¶ 4. The corpus delicti rule is an evidentiary rule which requires "that before a defendant's confession to an offense may be admitted at trial, some evidence must already have been admitted, independent of the confession, that tends to establish the corpus delicti of the offense." *State v. Barker*, 191 Ohio App.3d 293, 2010-Ohio-5744, 945 N.E.2d 1107, ¶ 9 (2d Dist.). In other words, the State must provide independent evidence tending to establish the act, and the criminal agency of that act. *Id.*, ¶ 12. However, the threshold imposed by this rule is low. *State v. Gabriel*, 170 Ohio App.3d 393, 2007-Ohio-794, 867 N.E.2d 474, ¶ 58 (2d Dist.), *reversed on other grounds*, *In re Criminal Sentencing Cases*, 116 Ohio St.3d 31, 2007-Ohio-5551, 876 N.E.2d 528. The evidence does not have to "equal proof beyond a reasonable doubt nor even make a prima facie case." *State v. Black*, 54 Ohio St.2d 304, 308, 376 N.E.2d 948 (1978). The evidence may also be circumstantial. *Gabriel* at ¶ 58. "This rule does not require evidence, other than the confession, showing that the accused committed the crime but, rather, requires some evidence that a crime was, in fact, committed." *State v. Hopfer*, 112 Ohio App.3d 521, 561, 679 N.E.2d 321 (2d Dist.1996).

{¶ 10} In this case, Detective David House and Detective Rod Roberts testified

that Gunn had dried blood around his lips and abrasions to his legs at the time he was discovered by a Dayton Police Officer. There was fresh blood in the grass near his head and a "disturbed" patch of grass near Gunn's body that, based upon House's experience, indicated a possible struggle. Both detectives testified that, based upon their experience investigating assault cases, an open wound on Gunn's cheek was consistent with an assault injury.

{¶ 11} We conclude that this evidence is sufficient to satisfy the corpus-delicti rule. Accordingly, the First Assignment of Error is overruled.

### IV. Although Trial Court Erred in Admitting Hearsay Evidence of Victim's Autopsy, that Error Was Harmless

{¶ 12} Ashe's Second Assignment of Error states:

THE TRIAL COURT VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHTS (DUE PROCESS, CONFRONTATION OF WITNESSES AND FAIR TRIAL TO AN IMPARTIAL JURY) AND ERRED TO THE PREJUDICE OF DEFENDANT WHEN THE LOWER COURT OVERRULED DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE FROM THE AUTOPSY OF THE ALLEGED VICTIM AND WHEN IT PERMITTED THE DETECTIVE TO TESTIFY AS HEARSAY TO THE FINDINGS OF SAID AUTOPSY.

{¶ 13} Ashe contends that the trial court erroneously permitted the State to introduce information on Gunn's cause of death. Specifically, Detective House was permitted to testify that the autopsy report indicated that Gunn died from hypothermia.

Ashe contends that this information was improper and prejudicial, because it implied that the death was the result of the assault.

{¶ 14} We agree that it was error to permit Detective House to testify that the autopsy indicated the cause of death as hypothermia. As noted by the State, the autopsy report constitutes a business record, as well as a public record under Evid.R. 803(6) and 803(8). Thus, the State could have introduced the autopsy report into evidence, but, for whatever reason, chose not to do so. Detective House is not a medical expert, and was not qualified to provide testimony regarding the cause of death.

{¶ 15} However, we agree with the State that the error is harmless in view of the other evidence against Ashe supporting his conviction, including his admission that he hit the victim, and in view of the fact that he was not convicted of a homicide offense.

{¶ 16} The Second Assignment of Error is overruled.


**V. Because the State Introduced Sufficient Evidence to Support a**

**Conviction, the Trial Court Did Not Err in Overruling**

**Ashe's Motion for a Judgment of Acquittal**

{¶ 17} Ashe's Third Assignment of Error states:

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT DENIED DEFENDANT'S MOTION FOR ACQUITTAL.

{¶ 18} At the close of the State's evidence, Ashe moved for a judgment of acquittal pursuant to Crim.R. 29(A). The trial court overruled the motion. Ashe contends this was error.

{¶ 19} We note that the record before us does not indicate that Ashe renewed his Crim.R. 29(A) motion at the close of all of the evidence. When a defendant in a jury trial fails to renew his Crim.R. 29(A) motion at the close of all the evidence, the defendant waives all but plain error. *State v. Ford*, 2d Dist. Montgomery No. 15374, 1996 WL 257442, * 2 (May 17, 1996).

{¶ 20} A Crim.R. 29 motion for judgment of acquittal challenges the legal sufficiency of the evidence. *State v. Carter*, 2d Dist. Montgomery No. 21145, 2006-Ohio-2823, ¶ 40. As stated in Part VII, below, we find sufficient evidence to sustain the conviction. Thus, we find no error, let alone plain error, in overruling the motion for acquittal.

{¶ 21} The Third Assignment of Error is overruled.

## VI. Trial Court Did Not Err in Allowing Police Officers to Testify Concerning Certain Conclusions They Drew Based Upon their Own Perceptions and Experience; Trial Court Did Not Err in Allowing Testimony Concerning a Statement by a Minor Witness to the Police, to Explain Why the Investigation Proceeded as it Did, with an Appropriate Limiting Instruction

{¶ 22} The Fourth Assignment of Error asserted by Ashe is as follows:

THE TRIAL COURT ERRED AND DENIED DEFENDANT HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS, CONFRONTATION OF WITNESSES AND TO A FAIR TRIAL BY AN IMPARTIAL JURY WHEN IT

ADMITTED IMPROPER AND HIGHLY PREJUDICIAL EVIDENCE.

{¶ 23} Ashe contends that the trial court made numerous erroneous evidentiary rulings during trial.

{¶ 24} Absent an error of law, the admission or exclusion of evidence is a matter committed to the discretion of the trial court, and its decision regarding the admission and exclusion of evidence will not be reversed absent a demonstration of an abuse of that discretion. *State v.* Bell, 176 Ohio App.3d 378, 2008-Ohio-2578, 891 N.E.2d 1280, ¶ 40 (2d Dist.). An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 25} Ashe first claims that the trial court erred by permitting the investigating detectives to testify that the abrasions found on Gunn were consistent with an assault, and that the ground near Gunn's body appeared disturbed, as if a scuffle had occurred.

{¶ 26} Detective Rod Roberts testified that during his twelve years in law enforcement, he saw injuries caused by assaults almost daily, and that it was common to see injuries to the facial area resulting from assaults. Likewise, Detective House testified that he had more than twenty years in law enforcement. He testified that in his experience, the open wound on Gunn's cheek bone was consistent with an assault. He further testified that the grass in the area beside the body was "flattened and matted," and that some "loose powdery dirt" was covering the sidewalk in the same area, and that this was consistent with a "scuffle." Tr. p. 97.

{¶ 27} Evid.R. 701 provides: "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences

which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."

{¶ 28} At the time, both officers were merely testifying as to the course of their investigation, and their observations. The testimony that the injury to the face was consistent with an assault was based upon their experience with assault cases. The detectives' testimony that they were familiar with assaults, and wounds caused thereby, was sufficient to establish that their conclusions were rationally based on their perceptions. The testimony regarding the condition of the ground was likewise based upon the detectives' observations. We find no error in the admission of this testimony.

{¶ 29} Ashe next complains that Detective Roberts was permitted to testify that the police interviewed a minor child, who was neither identified nor called to testify, who claimed to have observed the assault. He objected at the beginning of the testimony on the basis that it was hearsay. The trial court overruled the objection, finding that the Detective was merely testifying to the course of the investigation. Roberts then testified that the child stated he observed three men, and that the child provided a description of the assailants. Ashe objected thereto. The trial court sustained this objection, and instructed the jury to disregard the statement.

{¶ 30} Hearsay is "a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). An out-of-court statement offered for reasons other than the truth are not hearsay. *State v. Lewis*, 22 Ohio St.2d 125, 132–133, 258 N.E.2d 445 (1970). As a general rule, a statement offered to explain a police officer's reasons for conduct while investigating a crime does not constitute hearsay. *State v. Thomas*, 61 Ohio St.2d 223,

232, 400 N.E.2d 401 (1980). However, "[t]he conduct to be explained should be relevant, equivocal and contemporaneous with the statements[, and] such statements must meet the standard of Evid.R. 403(A)." *State v. Blevins*, 36 Ohio App.3d 147, 149, 521 N.E.2d 1105 (10th Dist.1987).

{¶ 31} Roberts's testimony regarding the child was not objectionable from our review of the transcript. The statement regarding what the child saw, and that the child provided descriptions, was only admissible to explain why the investigation proceeded as it did, and the trial court gave an appropriate limiting instruction, which we presume the jury followed.

{¶ 32} The Fourth Assignment of Error is overruled.

## VII. Ashe's Conviction Is Supported by Sufficient Evidence, and Is not Against the Manifest Weight of the Evidence

{¶ 33} Ashe's Fifth Assignment of Error provides:

THE VERDICT WAS BASED UPON INSUFFICIENT EVIDENCE AND/OR CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE AND THE JURY CLEARLY LOST ITS WAY.

{¶ 34} Ashe contends that the State did not present evidence sufficient to sustain the conviction. He also claims that the conviction is against the manifest weight of the evidence. In support, he argues that there was reasonable doubt as to whether he caused physical harm to Gunn. He relies on his claims that Gunn's injuries could have been the result of Gunn falling on concrete due to intoxication, the result of the fact that another individual admitted to hitting Gunn, or both. He further claims that the jury clearly

lost its way due to the erroneous evidentiary rulings made by the trial court.

{¶ 35} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991): "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶ 36} When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins,* at 387. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).

{¶ 37} Ashe was convicted of misdemeanor Assault, in violation of R.C. 2903.13(A), which provides that "[n]o person shall knowingly cause or attempt to cause

physical harm to another or to another's unborn."

{¶ 38} In this case, there is evidence that Gunn was the victim of an assault, as testified to by Detective House. Furthermore, Ashe admitted to hitting Gunn during his interview with the police. Ashe's girlfriend testified that Ashe punched Gunn hard enough to render him unconscious, and that Ashe then dragged Gunn across the street. We conclude that this constitutes evidence sufficient to sustain a conviction for Assault.

{¶ 39} We next turn to the weight-of-the-evidence argument. Ashe contends that the jury lost its way in finding him guilty. Again, there was evidence in the record upon which the jury could rely in finding that Ashe punched Gunn hard enough to cause Gunn to lose consciousness. Furthermore, Ashe presented the affirmative defense of defense of another, which necessarily involves the admission of the conduct constituting Assault. *State v. D.H.*, 169 Ohio App.3d 798, 2006-Ohio-6953, 865 N.E.2d 90, ¶ 39 (10th Dist.). Thus, we cannot say that the jury clearly lost its way in convicting Ashe of Assault.

{¶ 40} The Fifth Assignment of Error is overruled.

## VIII. The Record Does Not Support Ashe's Claim of an Error in Sentencing

{¶ 41} Ashe's Sixth Assignment of Error is as follows:

THE COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE OF 180 DAYS ON THE DEFENDANT'S FIRST CRIMINAL OFFENSE AND WAS IMPROPERLY INFLUENCED BY THE DEATH OF THE ALLEGED VICTIM WITH WHICH THE DEFENDANT WAS NOT ACTUALLY CHARGED OR CONVICTED.

{¶ 42} Ashe contends that the trial court erred in sentencing. In support, he

argues that the trial court was improperly influenced by the death of Gunn. He also argues that the trial court did not properly consider the purposes and principles of sentencing because it did not state its reasons for the sentence.

{¶ 43} In discussing sentencing in misdemeanor cases, this court, in *State v. Jackson*, 2d Dist. Montgomery No. 20819, 2005-Ohio-4521, has stated:

> Misdemeanor sentencing is governed by R.C. § 2929.22, which sets forth various considerations to guide a trial court in the exercise of its discretion. We repeatedly have recognized that "Ohio courts will presume that the trial court considered the factors set forth in R.C. § 2929.22 when the sentence is within the statutory limits in the absence of an affirmative showing to the contrary." *State v. Kelly*, Greene App. No. 2004 CA 122, 2005–Ohio–3058, at ¶ 25; see also *State v. Hendricks*, Montgomery App. No. 18947, 2002–Ohio–1201; *State v. Orleck*, Montgomery App. No. 18745, 2001–Ohio–1929; *State v. Mitchell* (June 29, 2001), Montgomery App. No. 17816; *State v. Gilreath* (July 7, 2000), Greene App. No. 2000–CA–01; *State v. Hilt* (Dec. 31, 1998), Montgomery App. No. 17126. In light of the foregoing presumption, a trial court is not required to discuss the R.C. § 2929.22 considerations on the record or make explicit findings to support its misdemeanor sentence. See, e.g., *Kelly*, supra, at ¶ 25–26; *Orleck*, supra; *Mitchell*, supra; *Gilreath*, supra.

*Id.* at ¶ 13.

{¶ 44} In the case before us, Ashe was convicted of a first-degree misdemeanor in violation of R.C. 2903.13(A). A pre-sentence investigation report was ordered, and

Ashe was referred for a drug and alcohol evaluation. Thereafter, he was sentenced to serve a 180-day sentence. This is within the limits set by R.C. 2929.24(A)(1) for first-degree misdemeanors. There is no indication in the record that the trial court failed to consider the appropriate factors in sentencing; therefore we presume that the trial court followed the appropriate guidelines for sentencing.

{¶ 45} At the sentencing hearing, the trial court noted that Ashe indicated that he did not want to discontinue his use of marijuana. The trial court further noted that Ashe showed no remorse for the offense, and indeed denied any fault on his part. This suggests that the trial court did consider relevant factors.

{¶ 46} Although Ashe argues that the trial court improperly punished him because Gunn subsequently died, we find no support for this contention.

{¶ 47} The record supports Ashe's sentence. Accordingly, the Sixth Assignment of Error is overruled.

## I. Conclusion

{¶ 48} All of Ashe's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

FROELICH, P.J., and HALL, J., concur.

Copies mailed to:

Lynn R. Donaldson / Stephanie L. Cook
Matthew Kortjohn
Dawn Garrett
Hon. Daniel G. Gehres