[Cite as *State v. Tackett*, 2024-Ohio-1498.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-57 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-753(A) |
| | : | |
| JOSEPH MICHAEL TACKETT | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 19, 2024

. . . . . . . . . . .

GLENDA A. SMITH, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Joseph Michael Tackett appeals from the trial court's judgment revoking his community control sanctions and sentencing him to prison. For the reasons outlined below, we affirm the judgment of the trial court.

**I.     Factual and Procedural Background**

{¶ 2} Tackett was indicted on October 4, 2022, for one count of theft in violation of

R.C. 2913.02. On January 17, 2023, Tackett entered a guilty plea, and he was sentenced to community control sanctions. After Tackett failed to his maintain sobriety as required as a condition of his community control sanctions, a first violation of community control was filed on May 16, 2023. On June 13, 2023, Tackett admitted to violating the terms and conditions of community control sanctions; the court continued him on community control and ordered an additional sanction that he complete a residential treatment program at West Central Community-Based Correctional Facility. Residents at West Central typically require four to six months to fulfill the treatment requirements.

{¶ 3} Tackett arrived at West Central for treatment on July 28, 2023, and on September 14, 2023, an order to remove Tackett from West Central to Clark County Jail was issued. On September 15, 2023, Alyssa Watkins, Tackett's probation officer, filed a second violation of community control because Tackett had been unsuccessfully discharged the day before from West Central in violation of the court's order following his first community control violation and had been transported back to jail. On September 21, 2023, the trial court conducted Tackett's community control violation arraignment, at which Tackett's counsel entered a denial on the probation violation, waived the probable cause hearing, and requested that the matter proceed to a hearing on the merits.

{¶ 4} On September 29, 2023, the matter proceeded to a final revocation hearing. At the hearing, Watkins testified on behalf of the State despite Tackett's objection to her testimony based on hearsay. The trial court overruled Tackett's objection. Watkins testified that, when her probationers receive treatment at West Central, she receives notification regarding the probationer's successful completion of the program, and she

did not receive such a notification related to Tackett. Instead, on September 14, 2023, she received a phone call and email from Todd Wheeler of West Central, advising her that Tackett was not happy in the program and wanted to leave West Central. West Central ultimately discharged Tackett and provided a discharge report to Watkins, which was admitted by the court as evidence.

{¶ 5} The trial court found Tackett had violated the terms and conditions of community control sanctions, reasoning that Tackett's community control was conditioned on his successfully completing the program at West Central, which he had failed to do. Tackett's community control was revoked, and he was sentenced to a prison term of 12 months. Tackett timely appealed.

## II.    Assignment of Error

{¶ 6} Tackett asserts the following sole assignment of error:

THE TRIAL COURT ERRED IN ADMITTING HEARSAY EVIDENCE.

{¶ 7} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State v. Helke*, 2d Dist. Montgomery No. 26672, 2015-Ohio-4402, ¶ 14, quoting *State v. Sage,* 31 Ohio St.3d 173, 180, 510 N.E.2d 343 (1987). Thus, we review the trial court's evidentiary rulings for an abuse of discretion. *Id.* at ¶ 14. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 232, 466 N.E.2d 875 (1984).

{¶ 8} Under the Ohio Rules of Evidence, "hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in

evidence to prove the truth of the matter asserted in the statement." Evid.R. 801(C). Hearsay evidence is generally not admissible except as otherwise provided by law or the rules of evidence. Evid.R. 802. For example, proceedings granting or revoking probation or relating to community control sanctions, including revocation hearings, are not subject to the rules of evidence and, thus, allow for the admission of hearsay evidence. Evid.R. 101(D)(3). "The rationale for the exception is that, since a probation revocation hearing is an informal proceeding, not a criminal trial, the trier of fact should be able to consider any reliable and relevant evidence to determine whether the probationer has violated the conditions of his probation." (Citations omitted.) *State v. Ohly*, 6th Dist. Erie No. E-05-052, 2006-Ohio-2353, ¶ 21.

{¶ 9} Nevertheless, "probation-revocation proceedings are subject to the Due Process Clause of the Constitution." *Id.* at ¶ 20, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). "[T]he admission of hearsay evidence at a probation-revocation hearing can compromise the probationer's due process right to confront adverse witnesses * * *." *Id.* at ¶ 21, citing *Columbus v. Bickel*, 77 Ohio App.3d 26, 37, 601 N.E.2d 61 (10th Dist.1991). Thus, at a final revocation hearing, the trial court must comply with certain minimum due process requirements, including providing the defendant with the right to confront and cross-examine witnesses. *Id.* "[T]he introduction of hearsay evidence into a probation-revocation hearing is reversible error when that evidence is *the only evidence presented and is crucial to a determination of a probation violation.*" (Emphasis added.) *State v. Stringer*, 2d Dist. Montgomery No. 29069, 2021-Ohio-2608, ¶ 16, citing *State v. McDargh*, 2d Dist. Clark No. 2015-CA-27, 2016-Ohio-

1132, ¶ 13, quoting *State v. Ryan*, 3d Dist. Union No. 14-06-55, 2007-Ohio-4743, ¶ 9, citing *Ohly.*

{¶ 10} "Whether hearsay evidence is sufficiently trustworthy to be worth considering during a revocation hearing lies within the sound discretion of the trial court." *Id.* at ¶ 14, citing *State v. Picklesimer*, 2d Dist. Greene No. 2006-CA-118, 2007-Ohio-5758, ¶ 58. The evidence need not show a probation violation beyond a reasonable doubt, but it must be substantial and competent. *State v. Mingua*, 42 Ohio App.2d 35, 327 N.E.3d 791 (10th Dist.1974). "A trial court abuses its discretion if no sound reasoning process supports the court's decision." (Citations omitted.) *Stringer* at ¶ 14.

{¶ 11} The issue in this matter was whether Tackett had violated the conditions of his community control sanctions, which required that he gain admission and successfully complete the residential treatment program at West Central. Based on the evidence submitted at Tackett's revocation hearing, the trial found that he had not completed West Central's treatment program and, thus, he was guilty of the alleged community control violation.

{¶ 12} At the revocation hearing, Tackett objected to Watkins's testimony on the basis that he had the right to confront witnesses called to testify against him and to cross-examine those witnesses. Tackett argued that proper witnesses in this case were those employed at West Central, who either observed what took place at West Central or wrote the discharge report; thus, Watkins, as Tackett's probation officer, merely provided hearsay testimony when she attested as to the contents of the discharge report.

{¶ 13} On appeal, Tackett bases his argument on the Rules of Evidence. Tackett

contends that Watkins based her testimony regarding Tackett's probation violation on a discharge report from West Central, despite that she was not present at West Central to observe Tackett's conduct and had no personal knowledge regarding what Tackett may or may not have done at West Central. Tackett further asserts that the trial court erred in finding a hearsay exception for admitting Watkins's testimony and the unsigned discharge report from West Central, resulting in the court's erroneous conclusion that Tackett had violated his probation. Tackett argues that no hearsay exception applied to allow the admission of Watkins's testimony concerning the discharge report or the discharge report itself, but he suggests that the trial court used the business records exception to hearsay as justification for admitting the same. However, there is nothing in the record to support this assertion. In fact, the trial court explicitly provided Tackett with an explanation for overruling his objection and for admitting Watkins's testimony and the report—namely that hearsay evidence could be introduced if there was corroborating evidence, which, in this case, included the fact that, at the time of the revocation hearing, Tackett was in jail instead of West Central for treatment.

{¶ 14} Upon our review, we conclude that Watkins, as Tackett's probation officer, had actual knowledge of Tackett's discharge from West Central because of the phone call and email from West Central's Todd Wheeler and the discharge report, which constituted the basis of her filing Tackett's second violation of community control. Additionally, Watkins had actual knowledge that Tackett had been transported from West Central back to the jail, indicating his premature discharge from the West Central program. Moreover, Watkins did not receive the customary notification from West Central

of Tackett's successful completion of the program, which she typically received when her probationers successfully graduated. And Tackett did not dispute that, in July 2023, he was admitted to West Central for treatment as ordered or that, in September 2023, less than two months into a four-to-six-month program, he was in jail and no longer at West Central. Although we agree with Tackett that Watkins was not present at West Central and thus had no personal knowledge of the circumstances surrounding Tackett's unsuccessful treatment and discharge, we note that Watkins was permitted to testify as to whether Tackett had completed the conditions of his community control, which was the issue in this case. Tackett's community control sanctions were revoked as a result of his failure to complete the program at West Central, not based on the specific reasons he was discharged from West Central.

{¶ 15} The Rules of Evidence permit the admission of hearsay evidence during community control revocation hearings. Even if Tackett did not have the opportunity to confront and cross-examine witnesses who created the discharge report, the trial court did not abuse its discretion in admitting Watkins's testimony regarding the report or the report itself, because that evidence was not the only evidence presented and it was not crucial to a determination of Tackett's probation violation, given the other evidence before the court. Under these circumstances, although Watkins's testimony regarding the discharge report and the discharge report itself constituted hearsay, we cannot say that the trial court abused its discretion in ruling that the hearsay was admissible.

{¶ 16} Tackett's sole assignment of error is overruled.

### III. Conclusion

**{¶ 17}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.