[Cite as *State v. Ramey*, 2024-Ohio-2650.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-29 |
| | : | |
| v. | : | Trial Court Case No. 2019 CR 050 |
| | : | |
| MICHAEL GENE RAMEY | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on July 12, 2024

. . . . . . . . . . .

GARY C. SCHAENGOLD, Attorney for Appellant

JANE A. NAPIER, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Michael Gene Ramey appeals from the trial court's August 30, 2023 journal entry continuing him on community control with an added condition that he complete a residential drug-treatment program. The trial court continued Ramey on community control after finding that he had violated its terms by using fentanyl and

methamphetamine.

{¶ 2} Ramey contends the trial court erred in holding a community-control violation hearing where his five-year term of supervision already had expired. He also claims the trial court violated the corpus-delicti rule by admitting his confession to using methamphetamine and fentanyl without corroborating evidence. Finally, based on the corpus-delicti argument, he challenges the legal sufficiency of the evidence to support finding a violation.

{¶ 3} We conclude that Ramey has miscalculated his period of community-control supervision, which had not expired when he received notice of the alleged violation or when the trial court held its hearing and found a violation. With regard to the corpus-delicti issue, we question whether it applies to community-control violation hearings. We need not resolve that issue, however, because the trial court formally terminated Ramey's community-control supervision during the pendency of this appeal. Moreover, even if community control had not been terminated, his five-year supervision period now has expired by its own terms. Under these circumstances, Ramey's appeal must be dismissed as moot.

## I. Background

{¶ 4} Following a guilty plea to aggravated drug possession, the trial court placed Ramey on five years of community control on or about May 1, 2019. A violation notice was filed on August 17, 2023. It alleged that Ramey had failed to notify his supervising officer of a residence change and had used fentanyl and methamphetamine. The matter proceeded to an August 29, 2023 hearing at which the trial court took evidence on the

foregoing issues. With regard to drug use, Ramey's supervisor testified that he had admitted using fentanyl and methamphetamine on August 11, 2023, as alleged in the violation notice. According to Ramey's supervisor, Ramey stated that he wanted to see what it felt like to use the drugs. He also reported that he had been using fentanyl between two to three times a day and two times a week.

{¶ 5} Defense counsel objected to the supervisor's testimony about Ramey's admitted drug use. Counsel argued that the corpus-deliciti rule precluded finding a violation based solely on his admission. The trial court rejected defense counsel's argument. It then found no community-control violation based on the residence change. The trial court found that Ramey had violated the conditions of community control, however, by using fentanyl and methamphetamine. The trial court continued him on community control but added a condition requiring him to complete a residential program at the West Central Community-Based Correctional Facility. The trial court memorialized its decision in an August 30, 2023 journal entry. It also stayed the West Central requirement pending appeal.

## II. Analysis

{¶ 6} Ramey first contends his community-control term expired before he received a violation notice and before the trial court held its hearing. This argument lacks merit. The trial court placed him on five years of community control commencing on or about May 1, 2019, meaning that it would not expire until on or about May 1, 2024. The trial court held its hearing on August 29, 2023 and journalized its decision the following day—well before expiration of the five-year term.

{¶ 7} With regard to the corpus-delicti rule, we question whether it applies to community-control violation hearings. "The corpus delicti rule is an evidentiary rule which requires 'that before a defendant's confession to an offense may be admitted at trial, some evidence must already have been admitted, independent of the confession, that tends to establish the corpus delicti of the offense.' " *State v. Ashe*, 2d Dist. Montgomery No. 26528, 2016-Ohio-136, ¶ 9, quoting *State v. Barker*, 191 Ohio App.3d 293, 2010-Ohio-5744, 945 N.E.2d 1107, ¶ 9 (2d Dist.); *see also State v. Zanders*, 9th Dist. Summit No. 17147, 1995 WL 688811, *6 (Nov. 22, 1995) ("The long established law in Ohio is that an extrajudicial confession cannot be *admitted into evidence at trial as proof* that the defendant committed the crime charged, absent some independent corroborative evidence of the corpus delicti." (Emphasis in original.)).

{¶ 8} Community-control violation hearings are not trials. They are relatively informal proceedings to which evidentiary rules do not apply. A trial court is entitled to consider any reliable and relevant evidence to determine whether a violation occurred. *State v. Tackett*, 2d Dist. Clark No. 2023-CA-57, 2024-Ohio-1498, ¶ 8. Although we are unaware of Ohio case law addressing the issue, courts in other jurisdictions have rejected application of the corpus-delicti rule in revocation proceedings. *See*, *e.g.*, *United States v. Hilger*, 728 F.3d 947, 950 (9th Cir. 2013) (citing state-court cases for the proposition that courts consistently have rejected application of the corpus-delicti rule in supervised-release revocation proceedings); *United States v. Riley*, 920 F.3d 200, 208 (4th Cir. 2019) (noting that "the very description of the corroboration rule—an uncorroborated extrajudicial confession cannot alone support a criminal conviction—demonstrates that

the rule has no application to supervised release revocation proceedings").

{¶ 9} In any event, we have no occasion to decide whether the corpus-delicti rule applied in Ramey's case or whether the trial court correctly found no violation of it. The trial court's docket reflects that it formally terminated Ramey's community-control supervision on March 27, 2024, during the pendency of this appeal. Even if his community-control supervision had not been terminated, the five-year period expired by its own terms on or about May 1, 2024. Given that Ramey no longer is under community-control supervision, he has no obligation to complete the West Central program as a condition of that supervision. "Appeals arising from community-control issues tend to expire with the term of community control[.]" *State v. Baldwin*, 5th Dist. Tuscarawas No. 2022AP120056, 2023-Ohio-3265, ¶ 24. We find that to be true here. The termination and/or expiration of Ramey's period of supervision has rendered moot his appeal from the trial court's earlier decision to keep him on community control with an added condition.

### III. Conclusion

{¶ 10} The above-captioned appeal is dismissed on the basis of mootness.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.