[Cite as *State v. Rivers*, 2026-Ohio-858.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | :   C.A. No. 2025-CA-33 |
|     Appellee | : |
| | :   Trial Court Case No. 25CR60 |
| v. | : |
| | :   (Criminal Appeal from Common Pleas |
| JONATHAN R. RIVERS | :   Court) |
| | : |
|     Appellant | :   **FINAL JUDGMENT ENTRY &** |
| | :   **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on March 13, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

MARY K. HUFFMAN, JUDGE

TUCKER, J., and HANSEMAN, J., concur.

LUCAS W. WILDER, Attorney for Appellant
BAILEY J. ARNETT, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Jonathan Rivers appeals from a judgment entry of conviction of one count each of aggravated possession of drugs, possession of a fentanyl-related compound, possession of heroin, and possession of cocaine.

## Facts and Procedural History

{¶ 2} On March 5, 2025, Rivers was indicted for aggravated possession of drugs, aggravated trafficking in drugs, possession of a fentanyl-related compound, trafficking in a fentanyl-related compound, possession of heroin, trafficking in heroin, possession of cocaine, and trafficking in cocaine. On June 17, 2025, he pleaded guilty to aggravated possession of drugs, possession of a fentanyl-related compound, possession of heroin, and possession of cocaine, and the remaining counts were dismissed. At disposition on July 29, 2025, the court sentenced Rivers to 36 months for aggravated possession of drugs and 11 months for each of the remaining offenses, all to be served concurrently.

## Assignment of Error and Analysis

{¶ 3} In his sole assignment of error, Rivers asserts that his sentence is contrary to law. He argues that he demonstrated genuine remorse and should have been provided drug treatment rather than incarceration. Rivers further asserts that the court failed to properly consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.

**{¶ 4}** When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.). Under this statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "'clearly and convincingly' finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *Id*. However, the Supreme Court of Ohio observed that R.C. 2953.08(G)(2)(b) "'does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.'" *Worthen* at ¶ 14, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 39. Thus, when we review a felony sentence imposed after considering the factors in R.C. 2929.11 and 2929.12, we do not examine whether the sentence is unsupported by the record; rather, we simply determine whether the sentence is contrary to law. *Id.*, quoting *State v. McDaniel*, 2021-Ohio-1519, ¶ 11 (2d Dist.), and *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.). A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *Dorsey* at ¶ 18, quoting *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.).

**{¶ 5}** The disposition transcript reflects that the court considered all relevant factors. The court indicated that it considered Rivers's lengthy remarks, comments by the State and defense counsel, Rivers's presentence investigation report, and a report from Pretrial Services "indicating an unsuccessful termination due to his bond violation." The court stated that it "has also considered the Purposes of Sentencing as set forth in R.C. 2929.11," and it reviewed Rivers's extensive criminal history in detail. The court then indicated as follows:

> The Court has also weighed the Recidivism and Seriousness Factors
>
> set forth in 2929.12, and makes the following findings: As to Recidivism Likely

Factors, the court will make the finding that the offender has a history of criminal convictions and juvenile adjudications. He has not responded favorably to sanctions previously imposed by an adult or juvenile court. He demonstrates a pattern of drug abuse related to this offense and has not fully acknowledged it or has not sought out proper treatment. And the defendant demonstrates no genuine remorse. With regard to Recidivism Less Likely Factors, the court finds none. With regard to Seriousness Factors, Defendant was acting as part of an organized criminal activity. And with regard to the Less Serious Factors, the court makes no findings.

After weighing these factors, the Court finds that the Defendant, Mr. Rivers, is not amenable to an available Community Control sanction. A prison sentence would be consistent with the Purposes and Principles of sentencing. Defendant has had a repeated and consistency [sic] of the same illegal offenses – illegal activity. He has not done well on prior supervision sanctions . . . he's exhausted all interventions by a court at this point, as far as the Miami County community standard. And Defendant has demonstrated his failure to follow through and appear before the court. So again, he's not amenable to a Community Control Sanction.

{¶ 6} Contrary to Rivers's assertions, the court considered R.C. 2929.11 and 2929.12. Rivers's sentence is within the statutory range for aggravated possession of drugs, a felony of the third degree, and the range for his fifth-degree felony offenses. R.C. 2929.14(A)(3)(b) and (5). While the court did not cite R.C. 2929.11 and 2929.12 in the judgment entry of conviction—and we encourage courts to reference those statutes in a judgment entry of conviction—the record reflects that the court fully complied with those

4

statutes, and Rivers's sentence is not contrary to law. Rivers's assignment of error lacks merit, and it is accordingly overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.