[Cite as *State v. Boggs*, 2026-Ohio-1472.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2025-CA-22 |
| | : | |
| v. | : | Trial Court Case No. 2022 CR 023 |
| | : | |
| CHELSEY LYNN BOGGS | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on April 24, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

LEWIS, P.J., and HANSEMAN, J., concur.

JENNIFER E. MARIETTA, Attorney for Appellant
KARA N. RICHTER, Attorney for Appellee

TUCKER, J.

{¶ 1} Chelsey Lynn Boggs appeals from her conviction on two counts of fentanyl possession.

{¶ 2} Boggs contends the trial court erred in ordering her to complete a residential program at the West Central community-based correctional facility as part of her sentence to community control sanctions. She argues that participation in the West Central program was unnecessary for her rehabilitation and that the trial court failed to obtain a necessary professional assessment before ordering her participation.

{¶ 3} For the reasons set forth below, we see no error in the trial court's order for Boggs to complete the West Central program. Accordingly, we affirm the trial court's judgment.

## I. Background

{¶ 4} A grand jury indicted Boggs on two counts of fentanyl possession and one count of evidence tampering. The State subsequently dismissed the tampering charge. Boggs pleaded guilty to the fentanyl charges but sought intervention in lieu of conviction ("ILC"). The trial court granted her ILC with conditions. Boggs later admitted to violating those conditions. As a result, the trial court terminated ILC, entered findings of guilty based on her prior guilty pleas, and sentenced her to three years of community control sanctions. The conditions of community control included completion of a residential program at the West Central community-based correctional facility.

## II. Analysis

**{¶ 5}** Boggs' sole assignment of error states:

**The Court's sentence of Defendant to the West Central Community Based Correction Facility (CBCF) was contrary to law.**

**{¶ 6}** Boggs recognizes that a trial court may impose a term in a community-based correctional facility as part of community control sanctions following revocation of ILC. Here, however, she argues that the trial court should have ordered basic supervision without including the West Central program. In support, she cites the purposes of felony sentencing in R.C. 2929.11(A), which include promoting effective rehabilitation using the minimum sanctions necessary. Boggs also asserts that R.C. 2929.17(D) obligated the trial court to order and consider an assessment by a treatment professional before ordering her participation in the West Central program. She contends the West Central component of her sentence was contrary to law because it was unnecessary and the trial court failed to obtain an assessment.

**{¶ 7}** Upon review, we find Boggs' assignment of error to be without merit. As an initial matter, whether the trial court erred in requiring her to participate in the West Central program is likely to be moot. The trial court imposed the requirement when it sentenced her on July 30, 2025. The maximum time she could have been required to spend at West Central was six months. *See* R.C. 2929.16(A)(1). On appeal, the State claims she completed the program and was discharged on December 23, 2025. If that is true, her argument about being required to participate is moot. Although Boggs remains under community control supervision, she challenges only the West Central component of her sentence. There is no remedy we can provide for the time she spent completing that program.

3

**{¶ 8}** We note, however, that the record does not indicate when Boggs entered the West Central program. Nor does the State cite any evidence that she was discharged on December 23, 2025. Instead, the State directs us to West Central's online database of "residents currently incarcerated at West Central," pointing out that her name does not appear. Considering that Boggs is not listed as a current resident of the program, the West Central issue does appear to be moot.

**{¶ 9}** Even if we set aside potential mootness, we find her assignment of error to be unpersuasive. When reviewing a felony sentence, we apply the standards found in R.C. 2953.08(G). This statute does not permit an appellate court to vacate or modify a sentence based on its belief that the sentence is unsupported by the record under R.C. 2929.11, which addresses the purposes of felony sentencing, or R.C. 2929.12, which lists factors to consider in felony sentencing. *State v. Rivers*, 2026-Ohio-858, ¶ 4 (2d Dist.). Therefore, Boggs' belief that her effective rehabilitation did not require completion of the West Central program is not a permissible basis for finding her sentence contrary to law.

**{¶ 10}** "A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12." *Id*. Here the trial court's order for Boggs to complete the West Central program was an authorized community control sanction. Moreover, the disposition transcript and her judgment entry reflect that the trial court considered R.C. 2929.11 and 2929.12. During the sentencing hearing, the trial court found that her successful rehabilitation required "strict monitoring that can only be provided at attendance such as a CBCF program." The trial court noted that she "exhibits a level of behavior and criminogenic thinking that necessitates the need for the public to be protected." In its judgment entry, the trial court stated that its sentencing decision was guided by the purposes of felony sentencing, including promoting Boggs' effective

4

rehabilitation using the minimum sanctions necessary. Her disagreement with these findings does not make the West Central aspect of her sentence contrary to law.

{¶ 11} We also see no grounds for reversal based on the trial court's failure to obtain a professional assessment before ordering Boggs' participation in the West Central program. On appeal, she cites R.C. 2929.17, which provides that a trial court "shall not impose a term in a drug treatment program as described in division (D) of this section until after considering an assessment by a properly credentialed treatment professional, if available." But this provision applies to "nonresidential sanctions." Another statute, R.C. 2929.16, applies to "community residential sanctions." Notably, R.C. 2929.16(A)(1) defines "community residential sanctions" to include "a term of up to six months at a community-based correctional facility." Nothing in R.C. 2929.16 obligates a trial court to obtain an assessment before ordering an offender to complete a term in a community-based correctional facility like West Central, which we consistently have recognized is a residential program. *See, e.g.*, *State v. Tolle*, 2024-Ohio-4709, ¶ 2 (2d Dist.); *State v. Ramey*, 2024-Ohio-2650, ¶ 5 (2d Dist.); *State v. Tackett*, 2024-Ohio-1498, ¶ 2 (2d Dist.).

{¶ 12} Finally, a third statute, R.C. 2929.15(A)(3), which specifically addresses community control sanctions, provides:

> If an offender who is eligible for community control sanctions under this section admits to having a drug addiction or the court has reason to believe that the offender has a drug addiction, and if the offense for which the offender is being sentenced was related to the addiction, *the court may require that the offender be assessed by a properly credentialed professional* within a specified period of time and shall require the professional to file a written assessment of the offender with the court. If a court imposes treatment and recovery support

5

services as a community control sanction, the court shall direct the level and type of treatment and recovery support services after consideration of the written assessment, if available at the time of sentencing, and recommendations of the professional and other treatment and recovery support services providers.

(Emphasis added.)

{¶ 13} Boggs does not rely on R.C. 2929.15(A)(3). In any event, to the extent that it has potential applicability, it does not obligate a trial court to obtain an assessment before ordering drug treatment as a community control sanction. Rather, it provides that a trial court "may require" an offender to be assessed and that a trial court shall consider a written assessment if it orders one. *See State v. Newsome*, 2013-Ohio-4587, ¶ 15 (5th Dist.) ("We note the use of the discretionary term 'may' require a professional assessment, it is not statutorily mandated for a trial court to order an assessment before imposing a community control sanction."). Having found no error in the trial court's order for Boggs to complete the West Central program, we overrule her assignment of error.

### III. Conclusion

{¶ 14} We affirm the judgment of the Champaign County Common Pleas Court.

. . . . . . . . . . . . .

LEWIS, P.J., and HANSEMAN, J., concur.