**[Cite as *State v. Worthen*, 2021-Ohio-2788.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29043 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-3213 |
| | : | |
| DIAMOND WORTHEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of August, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by J. JOSHUA RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, 3725 Pentagon Boulevard, Suite 270, Beavercreek, Ohio 45431
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Diamond Worthen pled guilty to harassment by an inmate (bodily substance) in violation of R.C. 2921.38(A), a felony of the fifth degree, and was sentenced to 12 months in prison, to be served concurrently with a sentence in another case. Worthen appeals from her conviction, claiming that the trial court abused its discretion in imposing a 12-month sentence due to its failure to properly consider R.C. 2929.11 and R.C. 2929.12 at sentencing. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} In September 2020, Worthen was incarcerated on her conviction for assault on a peace officer in Montgomery C.P. No. 2020-CR-604. On September 29, she engaged in criminal conduct toward a corrections officer that resulted in a charge of harassment by an inmate (bodily substance). Worthen was indicted for that offense on December 8, 2020, and initially pled not guilty to the charge. The trial court scheduled status and scheduling conferences. After several continuances, the scheduling conference was reset to February 12, 2021.

{¶ 3} On the date of the pretrial conference, Worthen changed her plea from not guilty and entered a guilty plea to the charged offense. The trial court conducted a Crim.R. 11 plea hearing, during which Worthen stated that she was 19 years old, had attended school through 11th grade, and was neither under the influence of drugs or alcohol nor had difficulty understanding the proceedings. Worthen indicated that she was serving a prison sentence; she had completed her supervision in a separate juvenile case.

{¶ 4} The trial court informed Worthen of the maximum possible penalties for harassment by an inmate, which included a prison sentence of 6, 7, 8, 9, 10, 11, or 12 months in prison. The court further told Worthen that she was eligible for community control sanctions, but it was going to sentence her to 12 months in prison, concurrently with the sentence she was then serving in Case No. 2020-CR-604. Worthen told the court that she did not understand what that meant. The court explained, "You're going to do extra time. But between now and the time you finish your sentence that Judge Dankof gave you on the assault on a peace officer case, you'll be earning credit on both cases." When Worthen asked what her "out date" would be, the court responded, "I don't know what your out date will be because – I would suspect your out date would be a year from now less one day [of jail time credit]." After initially expressing surprise at her additional incarceration, Worthen stated that she wanted to proceed with her plea.

{¶ 5} The court then explained the effect of a guilty plea and the constitutional rights that Worthen was waiving by her plea. Worthen expressed that she understood. The prosecutor read the facts underlying the offense, as alleged in the indictment, and Worthen, after first stating that she did not agree, indicated that they were true. Worthen reiterated that she wanted to enter a plea of guilty, and the court accepted her plea as knowing, intelligent, and voluntary.

{¶ 6} The trial court immediately proceeded to sentencing. Neither defense counsel nor Worthen spoke on Worthen's behalf. The court imposed sentence, stating in part:

> Ma'am, after considering the purposes and principles of sentencing, the
> seriousness and recidivism factors, and I do have your pre-sentence

investigation from the case I had with you previously in case number 19-CR-3203, because that does give me your juvenile history in addition, I am going to sentence you to 12 months at the Ohio Reformatory for Women. You'll be given all applicable jailtime credit which is one day. That will be served concurrently with -- just a minute, let me get the case number. With case number 20-CR-604. All costs will be waived.

The trial court's judgment entry, which was filed on February 18, 2021, was consistent with its oral pronouncement.

{¶ 7} Worthen appeals from the trial court's judgment.

## II. Review of Worthen's Sentence

{¶ 8} In her sole assignment of error, Worthen claims that the trial court "failed to adequately consider the sentencing statutes pursuant to ORC §§ 2929.11-2929.12, abusing its discretion in sentencing Appellant." Worthen argues that the trial court failed to consider all of the relevant factors and, instead, considered only those factors that were unfavorable to her. She asserts that the trial court should have indicated how it weighed the sentencing factors, that her conduct was less serious than conduct normally constituting the offense, and that there were mitigating circumstances, such as her age and level of education. Upon review of the record, we find no error in the court's consideration of R.C. 2929.11 and R.C. 2929.12.

{¶ 9} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). In determining an appropriate sentence, the

trial court may consider information beyond that strictly related to the conviction offense. *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 15 (2d Dist.). This is because the court is no longer concerned with the narrow issue of guilt. *Bowser* at ¶ 14; *State v. Wiles*, 2d Dist. Clark No. 2017-CA-69, 2018-Ohio-3077, ¶ 19. A court may consider, for example, the circumstances underlying the offense, information contained in a presentence investigation report, hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement. *E.g., State v. McNeil*, 2d Dist. Clark No. 2019-CA-51, 2020-Ohio-3202, ¶ 14; *State v. Bodkins*, 2d Dist. Clark No. 2010-CA-38, 2011-Ohio-1274, ¶ 43; *Wiles* at ¶ 19.

{¶ 10} However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 11} R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C.

2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 12} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense; R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record, if any.

{¶ 13} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

{¶ 14} The Ohio Supreme Court recently stated that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."

*State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. "When reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not analyze whether those sentences are unsupported by the record." *State v. McDaniel*, 2d Dist. Darke No. 2020-CA-3, 2021-Ohio-1519, ¶ 11, citing *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18; *Jones* at ¶ 26-29. Instead, "[w]e simply must determine whether those sentences are contrary to law." *Dorsey* at ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 15} In this case, the trial court complied with its obligation to consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. The court expressly stated at sentencing that it had considered the purposes and principles of sentencing and the seriousness and recidivism factors. The court informed the parties that it had considered Worthen's presentence investigation report from a prior case, Case No. 2019-CR-3203. Although the court did not make explicit findings regarding each of the sentencing factors, there is nothing in the record to suggest that the court failed to consider each of them. To the extent that Worthen claims that her 12-month sentence is not supported by the record under R.C. 2929.11 and R.C. 2929.12, that argument is precluded by *Jones*.

{¶ 16} Worthen's assignment of error is overruled.

### III. Conclusion

**{¶ 17}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
J. Joshua Rizzo
Thomas M. Kollin
Hon. Mary Katherine Huffman