[Cite as *State v. Smith*, 2023-Ohio-477.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-52 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-0305(A) |
| | : | |
| DAKODAH L. SMITH | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 17, 2023

. . . . . . . . . . .

IAN A. RICHARDSON, Attorney for Appellee

MICHAEL R. PENTECOST, Attorney for Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} In May 2022, Defendant-Appellant Dakodah L. Smith pled guilty to one count of robbery, a second-degree felony. Several weeks later, the trial court sentenced him to 7 to 10½ years in prison and ordered that he pay $552.61 in restitution. Smith appeals from that conviction, arguing that his sentence is contrary to law. For the reasons that follow, the judgment of the trial court will be affirmed.

**I.       Facts and Procedural History**

{¶ 2} On March 22, 2022, Karl Breidenbach was sitting in his car during his lunch break from work when Smith, along with two other individuals, forced Breidenbach out of his car, threw him to the ground, and took off with the vehicle and his cell phone. A short time later, the car was located in Enon; Smith was found nearby and admitted to the crime.

{¶ 3} Smith was charged with robbery, and he pled guilty on May 23, 2022. The trial court ordered a presentence investigation (PSI) and set the disposition for July 5. At the sentencing hearing, the court heard from the attorneys on both sides and considered the PSI and Breidenbach's victim impact statement. Smith's attorney argued for a lenient sentence due to Smith's "clean" record, relative youth (he was 20 when he committed the crime), and substance abuse problems. The State, on the other hand, recommended prison time based on the violent nature of the crime and the victim impact statement.

{¶ 4} The court ultimately believed that Smith's youth, substance abuse issues, and the fact that he had had no previous record and then committed a serious, violent felony were all aggravating factors (instead of mitigating factors as urged by Smith's counsel), and it sentenced Smith to 7 to 10½ years in prison. The trial court also imposed restitution in the amount of $552.61 – the value of the cell phone that was never recovered.

{¶ 5} Smith has filed this appeal, raising a single assignment of error.

II.     **Smith's sentence was not contrary to law**

{¶ 6} In his assignment of error, Smith asserts that his 7 to 10½ year sentence was not supported by the record, specifically that the court did not properly weigh the principles

and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors found in R.C. 2929.12.

{¶ 7} A trial court has full discretion to impose any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing a maximum or more than minimum sentence. *State v. Jones*, 2d Dist. Clark No. 2020-CA-8, 2021-Ohio-325, ¶ 85. "However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *Id.*

{¶ 8} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2d Dist. Montgomery No. 29043, 2021-Ohio-2788, ¶ 13.

{¶ 9} According to the Ohio Supreme Court, we may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42. The inquiry is simply whether the sentence is contrary to law. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶ 10} In the case at bar, it is undisputed that Smith's sentence was within the statutory range for second-degree felonies, but he argues that the sentence was unlawful because "the trial court did not properly consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." Appellant's Brief at 3. Although the court did not make specific findings regarding all the factors, it did state during the sentencing hearing that it found Smith's drug abuse and the fact that he went from being a 20-year-old with no record to a 20-year-old committing a violent felony to be aggravating factors. Further, the judgment entry verifies that the court did consider all the principles and purposes of felony sentencing and the seriousness and recidivism factors. Finally, to the extent that Smith argues that his sentence was unsupported by the record, that argument is foreclosed by *Jones*.

{¶ 11} Smith's sentence was not contrary to law, and therefore the assignment of error is overruled.

### III.    Conclusion

{¶ 12} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


WELBAUM, P.J. and LEWIS, J., concur.