[Cite as *State v. Persinger*, 2024-Ohio-3331.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-10 |
| | : | |
| v. | : | Trial Court Case No. 23CR307 |
| | : | |
| LENVIL C. PERSINGER | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on August 30, 2024

. . . . . . . . . .

ALANA VAN GUNDY, Attorney for Appellant

BRANDON S. MYERS, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant Lenvil C. Persinger appeals from his conviction in the Miami County Court of Common Pleas after he pleaded guilty to one count of aggravated possession of drugs and was sentenced to 18 months in prison. For the reasons that

follow, the judgment of the trial court will be affirmed.

## I.     Facts and Procedural History

{¶ 2} On August 7, 2023, Persinger was indicted on aggravated trafficking in drugs (Count One) and aggravated possession of drugs (Count Two), felonies of the third degree. After failing to appear for a pretrial hearing, Persinger was apprehended in January 2024.   He entered into a plea agreement on March 6. He agreed to plead guilty to Count Two, aggravated possession of drugs, and to forfeit $780 that was confiscated when he was originally arrested. In return, the State agreed to dismiss Count One, aggravated trafficking in drugs, and to remain silent at the disposition. A presentence investigation (PSI) was ordered by the court.

{¶ 3} At the sentencing hearing, the court stated that it had considered the statements made by Persinger and defense counsel, the PSI, and the R.C. 2929.11 and R.C. 2929.12 factors.   Persinger was then sentenced to 18 months in prison and granted 93 days of jail-time credit.

{¶ 4} Persinger filed a timely appeal, raising a single assignment of error.

## II.     Sentence

{¶ 5} In his assignment of error, Persinger argues that his sentence "is excessive and contrary to law." In his view probation and substance abuse treatment would have been better alternatives to prison.

{¶ 6} A trial court has full discretion to impose any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing a maximum or more than minimum sentence. *State v. Jones*, 2021-Ohio-325, ¶ 85 (2d

Dist.). "However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *Id.*

{¶ 7} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.).

{¶ 8} According to the Ohio Supreme Court, we may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The inquiry is simply whether the sentence is contrary to law. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

{¶ 9} In the case at bar, there is no dispute that Persinger's sentence was within the statutory range for third-degree felonies, but he contends that it was contrary to law because there were better ways to foster rehabilitation. We read this argument to question the trial court's consideration of the principles and purposes of felony sentencing found in R.C. 2929.11 and its weighing of the sentencing factors in R.C. 2929.12.

{¶ 10} Although the trial court did not specifically discuss R.C. 2929.11 at the hearing, it did confirm that it had considered the statute, which met the requirements of

*Jones.* The court did, however, go into greater detail about the R.C. 2929.12 sentencing factors. The court explained on the record that Persinger had served two prior prison terms – in 1993 for aggravated trafficking in drugs and in 2018 for attempted felonious assault and tampering with evidence. In between those felony convictions, Persinger had *multiple* misdemeanor convictions, some of which resulted in jail time. And since his release from prison the last time, Persinger had more misdemeanor convictions, resulting in even more time in jail. The court reasonably concluded that Persinger had a history of criminal convictions and had not responded favorably to any of the sanctions imposed by courts. The trial court also noted that Persinger had never followed through with drug and alcohol counseling or treatment.

{¶ 11} Based on the record before us, Persinger's sentence was not contrary to law; it was within the parameters for third-degree felonies, and the trial court considered the principles and purposes of felony sentencing and the seriousness and recidivism factors. To the extent that Persinger argues his sentence was unsupported by the record, that argument is foreclosed by *Jones.* Even if it were not, we would find that there was ample evidence in the record to support the sentence. The assignment of error is overruled.

### III.     Conclusion

{¶ 12} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


LEWIS, J. and HUFFMAN, J., concur.