**[Cite as *State v. Scott*, 2025-Ohio-1572.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-17 |
| | : | |
| v. | : | Trial Court Case No. 2024 CR 053 |
| | : | |
| ERIC WILLIAM SCOTT | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 2, 2025

. . . . . . . . . . .

JOHN A. FISCHER, Attorney for Appellant

SAMANTHA B. WHETHERHOLT, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Eric William Scott appeals from his convictions following guilty pleas to one count of aggravated possession of drugs and one count of

improperly handling firearms in a motor vehicle. Scott contends that, because he requested substance use treatment as an alternative to prison, the trial court erred in not finding that he rebutted the presumption of prison for his drug charge. However, the trial court was not required to believe Scott's claim that he wanted treatment, nor was it required to make specific findings or give its reasons for imposing an authorized, presumed prison sentence. Accordingly, the judgment of the trial court is affirmed.

## I.      Background Facts and Procedural History

{¶ 2} Scott was indicted on aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1)(a), a fifth-degree felony (count one); aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1)(b), a third-degree felony (count two); possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a fifth-degree felony (count three); possession of a fentanyl related compound in violation of R.C. 2925.11(A)(C)(11)(a), a fifth-degree felony (count four); two counts of possession of drugs in violation of R.C. 2925.11(A)(C)(2)(a), fifth-degree felonies (counts five and six); improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B)(1), a fourth-degree felony (count seven); and having weapons while under disability in violation of R.C. 2923.13(A)(3)(B), a third-degree felony (count eight). Each of the drug offenses also contained a firearm specification.

{¶ 3} At the time of the offenses, Scott was attempting to trade a vehicle for which he did not have a signed title, and the person with whom he was attempting to trade vehicles contacted the police out of concern. The police were dispatched because the caller stated that she was too scared to confront Scott (and the other man who

accompanied him) about her title concerns. Officers Cooper and Myers arrived on the scene and confronted the two men. While talking to the men, the officers noticed signs of drug usage and requested to search the vehicle in which the men had arrived; in the vehicle, they found containers with a white crystal substance (determined to be 12.29 grams of methamphetamine ("meth")) and a white powdery substance (determined to be 0.91 grams of cocaine and fentanyl); a meth pipe; and two firearms with ammunition.

{¶ 4} Scott pleaded guilty to count two (aggravated possession of drugs) and count seven (improperly handling firearms in a motor vehicle). The remaining charges were dismissed. The drug offense carried a presumption of a prison term pursuant to R.C. 2925.11(C)(1)(B). The trial court ordered a presentence investigation report (PSI) and scheduled Scott's sentencing.

{¶ 5} At the sentencing hearing, the State recommended that Scott be sentenced to prison for 24 months. In so recommending, the State pointed out that, at the time of his arrest, Scott had been on probation for drug possession, had an outstanding warrant, and had been using meth. The State noted that, although Scott had reported that he only used meth two or three times a month, this claim regarding his usage seemed to be at odds with the amount of meth (12.29 grams) that was in the vehicle underneath his seat at the time of his arrest. The State opined that Scott likely would not be amenable to substance use treatment because he had reported to the presentence investigator that he did not have a substance use or alcohol problem. Scott's counsel, on the other hand, asked the trial court to consider sentencing Scott to a substance use treatment center, arguing that he understood his addiction required treatment.

{¶ 6} In sentencing Scott, the trial court pointed out that he had been prohibited from having a firearm because of his prior felony convictions for trafficking marijuana (in 1995) and possession of drugs (in 2021). The court questioned him about why he had not responded favorably to the community control sanctions with a treatment resource following his 2021 drug conviction and about why he had possessed a firearm when he was prohibited from having one; Scott replied, "I really don't know how to answer that" and "Mistake, Your Honor."

{¶ 7} The trial court then reviewed the PSI, statements of counsel and Scott, and Scott's interaction with the court, while also considering the purposes and principles of sentencing under R.C. 2929.11 and the seriousness of Scott's conduct, likelihood of recidivism, and lack of military service. The court stated that a prison term was presumed in order to comply with the purposes and principles of sentencing and that community control sanctions would not adequately punish Scott and protect the public from future crime.

{¶ 8} The trial court further noted that the applicable factors under R.C. 2929.12 indicating a lesser likelihood of recidivism did not outweigh the factors suggesting a greater likelihood of recidivism in Scott's case. The court also stated that a community control sanction or a combination of sanctions would demean the seriousness of Scott's offense because one of more of the factors which indicated that his conduct was less serious than the conduct normally constituting the offense either was not applicable or did not outweigh the factors which indicated that his conduct was more serious than conduct normally constituting the offense. The trial court concluded that the presumption

for prison had not been successfully rebutted; it sentenced Scott to 24 months in prison on count two and to 14 months on count seven, to be served concurrently, for a total prison term of 24 months.

{¶ 9} Scott appeals.

## II. Analysis

{¶ 10} Scott's sole assignment of error states:

The Trial Court Erred by Failing to Rule that Mr. Scott Had Rebutted the Presumption of Prison Given the Fact that Mr. Scott Has a Drug Addiction for which He Should Receive Treatment, not a Prison Sentence.

{¶ 11} A trial court has full discretion to levy any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing a maximum or more than minimum sentence. *State v. Jones*, 2021-Ohio-325, ¶ 85 (2d Dist.). "However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *Id.*

{¶ 12} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it all together and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.). A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *State v.*

*Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

{¶ 13} In addition to pleading guilty to improperly handling firearms in a motor vehicle, Scott pleaded guilty to aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1)(b). That statute provides that "no person should knowingly obtain, possess, or use a controlled substance or a controlled substance analog." At the time of his arrest, Scott had 12.29 grams of meth in the vehicle underneath his seat. Methamphetamine is a schedule II controlled substance under Ohio Adm.Code 4729:9-1-02(C)(2), and its bulk amount is equal to or more than three grams. R.C. 2925.01(D)(1)(g).

{¶ 14} As in Scott's case, if the drug involved in the violation is a substance included in schedule II, and if the amount of the drug equals or exceeds the bulk amount but is less than five times the bulk amount, the offense is aggravated possession of drugs (a felony of the third degree), and "*there is a presumption for a prison term for the offense.*" R.C. 2925.11(A)(C)(1)(b). In general, a felony of the third degree carries a definite prison term of 9 to 36 months. R.C. 2924.14(A)(3)(b).

{¶ 15} Relevant to this matter are the sanctions imposed by degree of felony under R.C. 2929.13. R.C. 2929.13(D)(1) states, in part:

Except as provided in division (E) or (F) of this section, for a felony of the first or second degree, *for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable*, and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised

Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code.

{¶ 16} Nevertheless, "the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or *for a felony drug offense that is a violation of any provision of Chapter 2925.*, 3719., or 4729. of the Revised Code *for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:*

(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more

serious than conduct normally constituting the offense.

R.C. 2929.13(D)(2).

{¶ 17} Scott contends that the trial court erred by not finding that he had rebutted the presumption of prison for his aggravated possession of drugs charge. Because he pleaded guilty to a third-degree felony drug offense, Scott contends that R.C. 2929.13(E)(1) supersedes the foregoing guidelines, which state that, for any third-degree felony drug offense under R.C. Chapter 2925, the applicability of a presumption in favor of a prison term or in determining whether to impose a prison term for the offense shall be determined as specified in R.C. 2925.11. He then argues that R.C. 2925.11(C)(1)(b) applied to his case but that there is no clear guidance regarding the specific factors that a trial court should consider when determining whether the presumption of prison has been rebutted. He therefore contends that this presumption should be rebuttable by reasons of public policy and practicality and that his commitment to and plan for drug treatment should have been considered as a reasonable alternative to prison. We disagree.

{¶ 18} Scott pleaded guilty to a third-degree felony drug offense for which there was a presumption in favor of a prison term. It is undisputed that R.C. 2929.13(E)(1) directed the trial court to obtain guidance from R.C. 2925.11 in sentencing Scott. It is also undisputed that R.C. 2925.11(A)(C)(1)(b) applied to the drug charge against Scott, as the drug involved (methamphetamine) was a schedule II substance and the amount in Scott's possession (12.29 grams) exceeded the bulk amount of three grams (but was less than five times the bulk amount). Accordingly, Scott was charged with and pleaded guilty to a

third-degree felony offense for aggravated possession of drugs, and there was a presumption of a prison term for the offense under R.C. 2925.11(A)(C)(1)(b).

{¶ 19} While no further guidance is provided in R.C. 2925.11(A)(C)(1)(b) with respect to rebutting the prison presumption, we disagree with Scott that the guidelines for rebutting the presumption set forth in R.C. 2929.13(D)(2) do not apply and have been "superseded" by R.C. 2929.13(E)(1). Those presumption guidelines can still be used by the trial court to determine whether to impose a prison sentence, as they still specifically apply to *"a felony drug offense that is a violation of any provision of Chapter 2925. . . of the Revised Code for which a presumption in favor of a prison term is specified"*—which was the case here.

{¶ 20} Scott was sentenced within the authorized statutory range to 24 months. Based on the record, the trial court stated during sentencing that it had considered the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. In reviewing the prison presumption for the charge against Scott, the court considered whether a community control sanction would have adequately punished Scott and protected the public from future crime and would not have demeaned the seriousness of Scott's offense, finding that it would not have served those purposes.

{¶ 21} The trial court was not required to credit Scott's claim during sentencing that he was committed to engaging in substance abuse treatment, particularly when he had reported to the presentence investigator that he did not have a substance use problem. Moreover, at the time of his arrest, he possessed more than four times the bulk amount of methamphetamine, which was contrary to his claim that he only used two or three times

a month, and the trial court was free to consider this fact. Further, the court found that Scott had not responded favorably to supervision or treatment as a result of his 2021 drug conviction. The trial court had full discretion to levy any sentence within the authorized statutory range, and it was not required to make specific findings or give its reasons for imposing an authorized, presumed prison sentence.

{¶ 22} Upon our review, we conclude that the trial court complied with considering the requisite statutory sentencing factors. We cannot say that the record does not support the trial court's findings or that the sentence imposed was contrary to law. Scott's sole assignment of error is overruled.

### III. Conclusion

{¶ 23} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.