[Cite as *State v. Taylor*, 2025-Ohio-2615.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2024-CA-74 |
| Appellee | : | |
| | : | Trial Court Case No. 21-CR-700 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| MICHAEL GREGORY DOUGLAS | : | Court) |
| TAYLOR | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 25, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

[[Applied Signature]]

CHRISTOPHER B. EPLEY, PRESIDING JUDGE

Lewis, J., and Huffman, J., concur.

**OPINION**
CLARK C.A. No. 2024-CA-74

NATHAN D. BOONE, Attorney for Appellant
ROBERT C. LOGSDON, Attorney for Appellee

EPLEY, P.J.

{¶ 1} Defendant-Appellant Michael Gregory Douglas Taylor appeals from a judgment of the Clark County Court of Common Pleas, which found him guilty of aggravated vehicular homicide following his guilty plea and sentenced him to 8 to 12 years in prison. For the reasons that follow, the judgment of the trial court will be affirmed.

## I.        Facts and Procedural History

{¶ 2} On May 31, 2021, Taylor was driving a Jeep Cherokee in the area of East Main Street and Bellevue Avenue in Springfield when he struck another vehicle. That car careened into oncoming traffic and struck a motorcycle. Both riders were ejected and later died from their injuries.

{¶ 3} Taylor consented to a blood draw, and the sample indicated that he had methamphetamine in his system at the time of the crash. Further investigation showed that Taylor's Jeep had inoperable brakes and that he was under suspension for operating a vehicle under the influence (OVI).

{¶ 4} Taylor was indicted on four counts of aggravated vehicular homicide and two counts of OVI. The lengthy pre-trial proceedings included many motions, continuances, and hearings, including one for a bond revocation (he was cited for driving under suspension and having a fictitious registration) and one for suppression of evidence. Ultimately, though, Taylor agreed to plead guilty to Count One of the indictment (aggravated vehicular homicide). In exchange for his guilty plea, the State dismissed the remaining counts and a

specification attached to Count One. At the disposition, after hearing from attorneys from both sides, several family members of the victims, and Taylor himself, the court sentenced him to 8 to 12 years in prison.

{¶ 5} Taylor has filed a timely appeal with two assignments of error.

## II.     Ineffective Assistance of Counsel

{¶ 6} In his first assignment of error, Taylor alleges that his trial counsel was ineffective for failing to raise the issue of competence. He believes that the record demonstrates that he could not assist his counsel in his defense. We disagree.

{¶ 7} To prevail on an ineffective assistance of counsel claim, a defendant must prove that his attorney was ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The test has two parts. First, he must show that counsel's performance was deficient. *Id.* at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Id.*

{¶ 8} With respect to the first prong, much deference is given to trial counsel. "[A] court must indulge in a strong presumption that the challenged action might be considered sound trial strategy. Thus, judicial scrutiny of counsel's performance must be highly deferential." *State v. Bird*, 81 Ohio St.3d 582, 585 (1998). To demonstrate prejudice, the second prong, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1998), first paragraph of the syllabus.

{¶ 9} As applicable to this case, to determine whether trial counsel was ineffective for not raising competency concerns, we use the "sufficient indicia of incompetency" standard.

*State v. Mills*, 2023-Ohio-4716, ¶ 18. "It requires an examination of the record as a whole to determine whether there is evidence that presents a reasonable question as to whether the defendant is incompetent." *Id*. This is akin to a "totality of the evidence" standard, and a reviewing court must consider the evidence both for and against competence. *Id*. at ¶ 21.

{¶ 10} In this case, Taylor bases his argument on one comment made by his trial attorney at the April 22, 2022 bond revocation hearing. During closing argument, counsel told the court: "I would point out that just based on Mr. Taylor's appearance on the stand here today, that it might appear that he might be somewhat uneducated or illiterate." Just taking that statement at face value, there is no indication that counsel believed Taylor to be incompetent. It may call into question Taylor's education level, but it does not rise to the level of incompetence to stand trial, which is defined as the inability to understand "the nature and objective of the proceedings against [him] or of presently assisting in [his] defense." R.C. 2945.37(G).

{¶ 11} When taken in context, the argument that Taylor was incompetent to stand trial based on this one comment is even more obtuse; the attorney's statement was based on Taylor's giving an incorrect address. When asked about the place where he was living, Taylor got the house number correct but gave the wrong street name. This mistake was not surprising because Taylor had lived in multiple locations in a short period of time.

{¶ 12} Taking into consideration all of Taylor's statements in the record, there was no evidence that he did not understand the nature of the proceedings or that he was incapable of assisting in his defense. For instance, Taylor testified extensively at his suppression hearing in April 2023. He answered questions appropriately both on direct examination and during cross-examination. Similarly, Taylor was questioned by the court during the colloquy at his plea hearing. He told the court that he had finished the 11th grade and was working

on his GED, that he could read and write, and that he understood the rights he was giving up by pleading guilty. Finally, at the disposition, Taylor was contrite and well-spoken.

{¶ 13} Based on a thorough review of the record in this case, no evidence presented a reasonable question as to whether Taylor was incompetent. In fact, the opposite was true – all the evidence pointed to competence. Therefore, we do not need to address the prejudice prong. Trial counsel was not ineffective, and the first assignment of error is overruled.

### III.     Sentencing

{¶ 14} In his second assignment of error, Taylor argues that his sentence was contrary to law because the trial court failed to ensure his sentence was consistent with those imposed upon similarly situated offenders.

{¶ 15} A trial court has full discretion to impose any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing a maximum or more than minimum sentence. *State v. Jones*, 2021-Ohio-325, ¶ 85 (2d Dist.). "However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *Id.*

{¶ 16} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.).

{¶ 17} According to the Ohio Supreme Court, we may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*,

2020-Ohio-6729, ¶ 42. The inquiry is simply whether the sentence is contrary to law. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

**{¶ 18}** Taylor's 8-to-12-year sentence for aggravated vehicular homicide is within the statutory range for second-degree felonies. During the sentencing hearing and in the judgment entry, the court noted that it had considered the presentence investigation report, statements from both attorneys, and Taylor. It also made detailed findings based on the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors found in R.C. 2929.12. Thus, Taylor's sentence is not contrary to law.

**{¶ 19}** To the extent that Taylor alleges his sentence was unsupported by the record, that argument is foreclosed by *Jones*, 2020-Ohio-6729. Even if it were not, we would find there was evidence in the record to support it. The assignment of error is overruled.

### IV.    Conclusion

**{¶ 20}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.