[Cite as *State v. Shanks*, 2025-Ohio-4604.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2024-CA-32 |
| | : | |
| v. | : | Trial Court Case No. 2023 CR 186 |
| | : | |
| SHAUNISTY JO SHANKS | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY & OPINION** |
| | : | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 3, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Christopher B. Epley*

_____
CHRISTOPHER B. EPLEY, PRESIDING JUDGE

TUCKER, J., and LEWIS, J., concur.

**OPINION**
CHAMPAIGN C.A. No. 2024-CA-32

COLIN P. COCHRAN, Attorney for Appellant
SAMANTHA B. WHETHERHOLT, Attorney for Appellee

EPLEY, P.J.

{¶ 1} Defendant-appellant Shaunisty Jo Shanks appeals from the judgment of the Champaign County Court of Common Pleas that sentenced her to five years of community control following her guilty pleas to aggravated possession of drugs, failure to appear, and operating a vehicle under the influence of alcohol or drugs of abuse. For the reasons that follow, the judgment of the trial court is affirmed.

## I.      Facts and Procedural History

{¶ 2} In November 2023, Shanks was indicted by the Champaign County grand jury on two counts of aggravated possession of drugs (Counts 1 and 2), one count of possession of cocaine (Count 3), and one count of operating a vehicle under the influence of alcohol or drugs (Count 4). Counts 1-3 were fifth-degree felonies and Count 4 was a first-degree misdemeanor. Shanks retained counsel and was released on a personal recognizance bond. Several other court dates were scheduled. At a pre-trial services appointment in late December 2023, she tested positive for fentanyl, THC, methamphetamine, and amphetamine.

{¶ 3} In January 2024, Shanks failed to appear for a hearing, and the court issued a capias for her arrest with a nationwide pick-up radius. She missed several court appearances while her whereabouts were unknown. During that time, new charges were added to her case. On February 5, 2024, she was indicted on three additional counts of misdemeanor operating a motor vehicle while under the influence (Counts 5, 6, and 7), a

fifth-degree felony count of possession of a fentanyl-related compound (Count 8), and two fourth-degree felony counts of failure to appear as required by her recognizance bond (Counts 9 and 10).

{¶ 4} Later in 2024, Shanks was arrested in Florida for multiple felony violations, and after spending time in a Florida jail, she was transported back to Champaign County. On October 9, she was arraigned on Counts 5 through 10 of the indictment. At the arraignment hearing, Shanks admitted to multiple bond violations stemming from missed court appearances, missed pre-trial services appointments, and for not engaging in treatment sessions. The court found Shanks guilty of violating bond and noted that the violations would be considered during sentencing if she were convicted of any of the underlying offenses. Further, the court notified the parties that it had received an anonymous postcard from the state of Florida on January 8, 2024, shortly after Shanks did not appear for her hearing. The court read the text into the record, which included the author's reluctance to remain in Ohio and appear in court. The court offered its belief that Shanks was the author.

{¶ 5} On November 14, 2024, Shanks and the State reached a plea agreement under which she agreed to plead guilty to Count 1 – aggravated possession of drugs (F5), Count 4 – operating a vehicle under the influence of alcohol or drug of abuse (M1), and Count 10 – failure to appear as required by recognizance (F4). In exchange, the State agreed to dismiss the remaining counts. Both parties waived a pre-sentence investigation. The court accepted the plea and proceeded directly to sentencing.

{¶ 6} After accepting the plea, the State explained why it believed prison was the appropriate sanction. While the prosecutor was describing how Shanks argued with the police prior to her arrest, Shanks interrupted and was admonished by the court.

{¶ 7} During her speech in mitigation, Shanks sharply criticized the prosecutor. "I really think it is really unfair that this lady is saying I'm not going to complete any kind of programs or treatment or doing what is asked of me by the court. She has never even spoken to me. She doesn't know me." Plea/Sentencing Tr. 32. After hearing from all the parties and considering the factors from R.C. 2929.11 and 2929.12, the court imposed five years of community control sanctions with numerous special conditions, notably completion of the West Central Community Based Correctional Facility residential program.

{¶ 8} Shanks filed a timely appeal asserting one assignment of error.

## II. Sentencing

{¶ 9} In her assignment of error, Shanks argues that the trial court "erred by considering extraneous factors not permitted by R.C. 2929.11 and R.C. 2929.12." Appellant's Brief, p. 9. She contends that the court should not have considered a statement she made to the prosecutor during the sentencing hearing and the unsigned postcard from Florida. We disagree.

{¶ 10} A trial court has full discretion to impose any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing such a sentence up to the maximum term. *State v. Jones*, 2021-Ohio-325, ¶ 85 (2d Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.). "However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *Id.*, citing *State v. Leopard*, 2011-Ohio-3864, ¶ 11 (2d Dist.).

{¶ 11} R.C. 2929.11 establishes the purposes of felony sentencing—to protect the public from future crime, punish the offender, and promote rehabilitation using the minimum

sanctions necessary to achieve those goals. The court must consider the need for incapacitation, deterrence, rehabilitation, and restitution.

{¶ 12} R.C. 2929.12 sets forth a non-exhaustive list of factors that must be considered to determine the seriousness of the crime and the likelihood of recidivism. These include whether the victim suffered serious harm; whether the offender was motivated by prejudice based on race, ethnicity, gender, sexual orientation, or religion; whether the crime occurred in the vicinity of children; whether the offender has a history of criminal convictions or juvenile adjudications; whether the offender was under court sanctions at the time of the crime; or whether genuine remorse is shown. R.C. 2929.12(B)-(E).

{¶ 13} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under this statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.).

{¶ 14} According to the Ohio Supreme Court, we may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The inquiry is simply whether the sentence is contrary to law. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

{¶ 15} Shanks's argument on appeal is not that her sentence was contrary to law because the sentence was outside of the statutory range, but instead that the court used

considerations outside of what is permitted by R.C. 2929.11 and 2929.12—the postcard and the courtroom outburst. This argument fails.

{¶ 16} First, the statute does not limit factors that a trial court may consider when fashioning an appropriate sentence. It prohibits sentencing based upon a defendant's race, ethnic background, gender, or religion[.]" R.C. 2929.11(C). There is no evidence that the trial court did that. And in fact, the text of R.C. 2929.12 and this court have made clear that a sentencing court is not restricted to factors of the statute when crafting an appropriate sentence. *State v. Bodkins*, 2011-Ohio-1274, ¶ 42.

{¶ 17} The record here indicates that the court considered the postcard and Shanks's courtroom outburst to question whether she had improved her decision-making and was ready to move past her long-time criminality. The court noted that Shanks was argumentative with officers when she was arrested and, months later, was argumentative again with the prosecutor in court: "I don't have a problem that you want to challenge the Prosecutor's version of events. But your method of engaging in that confrontation was inappropriate." Plea/Sentencing Tr. 45.

{¶ 18} The trial court was also concerned that Shanks failed to even mention or acknowledge the postcard, which it believed was written by her shortly after she absconded. It noted that not addressing the document suggested that "some of the deep-dive reflections that you need to be doing for somebody who has been to federal prison and has committed felony offenses . . . when they are out-of-state and running from this court suggests to me that, perhaps, you haven't fully turned the corner." Plea/Sentencing Tr. 46. Both court statements relate to the recidivism factor specifically included in the sentencing statutes.

{¶ 19} Nevertheless, Shanks contends that the trial court should be reversed under the authority of *State v. Bryant*, 2022-Ohio-1878. In *Bryant*, the defendant was found guilty

of multiple felonies and initially sentenced to an aggregate prison term of 22 years. *Id.* at ¶ 5-11. However, just after the court imposed the lengthy sentence, Bryant flew into a rage, cussed out the court, and called it, among many other profane things, a "racist ass bitch." *Id.* at ¶ 12. The trial court immediately increased Bryant's sentence to 28 years, finding that "maximum imprisonment . . . [was] needed." *Id.*

{¶ 20} In a deeply divided opinion, the Ohio Supreme Court held that "[b]ecause a defendant's display of disrespect toward a trial court is not a permissible sentencing factor that the court may consider under R.C. 2929.11 and 2929.12, we conclude that the . . . increase in Bryant's sentence is contrary to law." *Bryant* at ¶ 32. The Court then reimposed the original 22-year sentence. *Id.*

{¶ 21} Shanks's situation is easily distinguishable. In addition to the difference between the courtroom behaviors of Bryant—who flew into a profanity-laced tirade—and Shanks—who briefly interrupted the prosecutor—the considerations of the courts differ in an important way. According to the Supreme Court, the *Bryant* trial court considered "disrespect toward a trial court," a sentencing factor that cannot be considered under R.C. 2929.11 and 2929.12. However, the trial court in this case considered the postcard and Shanks' outburst as signs that she had not "fully turned the corner" and would recidivate, a factor the court was obligated to consider under the sentencing statutes.

{¶ 22} The trial court, both during the disposition and in its judgment entry, made clear that it considered R.C. 2929.11 and R.C. 2929.12, and it made specific findings in the judgment entry. *See* Plea/Sentencing Tr. 49-50; Judgment Entry, p. 4-6. Based on this record, Shanks' sentence is not contrary to law, and the assignment of error is overruled.

### III.     Conclusion

**{¶ 23}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and LEWIS, J., concur.