**[Cite as *State v. Holden*, 2026-Ohio-3.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-27 |
| Appellee | : | |
| | : | Trial Court Case No. 25CR70 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| CARLTON LAMAR HOLDEN, II | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 2, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Christopher B. Epley*

_____
CHRISTOPHER B. EPLEY, PRESIDING JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

CHIMA R. EKEH, Attorney for Appellant
MATTHEW C. JOSEPH, Attorney for Appellee

EPLEY, P.J.

{¶ 1} Defendant-Appellant Carlton Lamar Holden, II, appeals from his conviction in the Miami County Court of Common Pleas after he pled guilty to failure to comply with an order or signal of a police officer (F4) and was sentenced to 18 months in prison. For the reasons that follow, we affirm the judgment of the trial court.

## I.    Facts and Procedural History

{¶ 2} In the late evening hours of March 3, 2025, Holden was caught speeding in the city of Troy. When an officer attempted to make a traffic stop, Holden rapidly accelerated. Officers pursued Holden at high speeds throughout Miami County, and soon law enforcement from multiple jurisdictions were involved in the chase. After several minutes of pursuit, Tipp City officers used "stop sticks" to disable Holden's vehicle. Despite running over the stop sticks, Holden continued to flee until he lost control of his car after crossing railroad tracks; the vehicle struck two parked cars and destroyed a light pole. The crash injured both Holden and his father, who was in the passenger seat. The injuries to Holden's father were so severe, in fact, that when officers arrived at the car, he had no pulse and had to be revived.

{¶ 3} Holden was charged by bill of information with a single count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B), a fourth-degree felony. On April 14, 2025, Holden pled guilty, the court ordered a presentence investigation report ("PSI"), and disposition was set for May 15, 2025.

2

{¶ 4} At disposition, the trial court engaged in a lengthy colloquy with Holden, during which it addressed various concerns it had with his criminal past and potential for the future. Ultimately, Holden was sentenced to 18 months in prison, the maximum for felonies of the fourth degree.

{¶ 5} Holden has filed a timely appeal.

## II.     Sentencing

{¶ 6} In his sole assignment of error, Holden contends that his sentence is contrary to law because "the trial court imposed a sentence based on factors or considerations that were extraneous to those that are permitted by R.C. 2929.11 and 2929.12." Appellant's Brief, p. 1. We disagree.

{¶ 7} A trial court has full discretion to impose any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing such a sentence up to the maximum term. *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.). "However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *State v. Kelly*, 2021-Ohio-325, ¶ 85 (2d Dist.), citing *State v. Leopard*, 2011-Ohio-3864, ¶ 11 (2d Dist.).

{¶ 8} R.C. 2929.11 establishes the purposes of felony sentencing—to protect the public from future crime, punish the offender, and promote rehabilitation using the minimum sanctions necessary to achieve those goals. The court must consider the need for incapacitation, deterrence, rehabilitation, and restitution.

{¶ 9} R.C. 2929.12 sets forth a non-exhaustive list of factors that must be considered to determine the seriousness of the crime and the likelihood of recidivism. These include, as pertinent to this case, whether the victim suffered serious harm, whether the crime occurred in the vicinity of children, whether the offender has a history of criminal convictions or juvenile

3

adjudications, whether the offender was under court sanctions at the time of the crime, or whether genuine remorse is shown. R.C. 2929.12(B)-(E).

{¶ 10} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under this statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.).

{¶ 11} According to the Ohio Supreme Court, we may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The inquiry is simply whether the sentence is contrary to law. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

{¶ 12} Holden's argument on appeal is not that his 18-month sentence exceeds the statutory range for fourth-degree felonies or that the court did not consider the factors set forth in R.C. 2929.11 and 2929.12. Instead, he alleges that the court considered factors outside of what the statute allows. Specifically, he claims that the trial court considered the factors set forth in R.C. 2921.331(C)(5)(b), the third-degree felony version of failure to comply, to craft the 18-month sentence he received in this case.

{¶ 13} The Ohio General Assembly has separated the crime of failure to comply with an order or signal of a police officer into two versions. R.C. 2921.331(B) precludes a person from operating a vehicle "so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."

4

A violation of R.C. 2921.331(B) is generally a fourth-degree felony. When charged as an F4, the statute does not give a court any factors to consider as to guilt or sentencing.

{¶ 14} On the other hand, R.C. 2921.331 can be elevated to a third-degree felony if the trier of fact finds that: (i) the operation of the motor vehicle by the offender was a proximate cause of serious physical harm to persons or property, or (ii) the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property. R.C. 2921.331(C)(5)(a). The statute also requires the trial court to consider certain factors for sentencing. In addition to R.C. 2929.11 and 2929.12, the court is required to consider all of the following:

(i) The duration of the pursuit;

(ii) The distance of the pursuit;

(iii) The rate of speed at which the offender operated the motor vehicle during the pursuit;

(iv) Whether the offender failed to stop for traffic lights or stop signs during the pursuit;

(v) The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;

(vi) Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;

(vii) Whether the offender committed a moving violation during the pursuit;

(viii) The number of moving violations the offender committed during the pursuit;

(ix) Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense.

R.C. 2921.331(C)(5)(b)(i)-(ix).

{¶ 15} The trial court engaged in a lengthy colloquy with Holden at disposition. The court talked about specific principles of sentencing and seriousness factors that were satisfied in this case and then spoke in great detail about why it believed Holden would re-offend, citing his extensive criminal history on both the federal and state levels. In addition, the court mentioned the F3 factors, stating:

> On a felony of the third-degree failure to comply, the court's required to look at factors. How many driving violations; how long was the pursuit; what were the risks involved, and this indicates that it was eight miles, four minutes. Meaning how fast you're going if you're going Troy to the county to Tipp. That whole length, over eight miles, in four minutes and as you indicated your speeds went up to 140 and it only ends because of the stop sticks and striking those parked vehicles.

Disposition Tr. 13.

{¶ 16} While it is unclear why the trial court made the detour into the third-degree felony failure to comply factors, we do not believe, as Holden does, that the trial court imposed a maximum sentence based on additional considerations. In fact, during the hearing, the trial court explicitly stated the opposite: "Normally, [post-release control is] mandatory but you have been indicted on a felony of the fourth degree, which does not include the seriousness factors under a felony of the third degree . . . ." Disposition Tr. 8-9. It seems more likely that the court used the brief interlude as a vehicle to explain how dangerous Holden's activity was, noting that because he was traveling at an extremely high rate of speed, he was able to cover a long distance in a very short amount of time.

6

**{¶ 17}** There is evidence, though, that Holden's sentence was *not* contrary to law. At the disposition, the court specified that it had considered the PSI, the principles and purposes of sentencing, and the seriousness and recidivism factors. In addition, the judgment entry noted that it "considered the purposes and principles of sentencing in the Ohio Revised Code § 2929.11 and the sentencing factors in § 2929.12(B)." The court then went beyond just stating that it considered the factors; it listed ones that were met.

**{¶ 18}** Because the 18-month sentence was within the statutory range for felonies of the fourth degree and because the trial court considered the requisite factors, we cannot say Holden's sentence is contrary to law. The assignment of error is overruled.

**III.    Conclusion**

**{¶ 19}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.